IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| SYLVIA CARAVETTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:13-cv-1064 (GBL/TRJ) |
| | ) | |
| SAEED MAREFAT, M.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants Saeed Marefat ("Marefat") and Metropolitan Plastic Surgery, P.C. ("Metropolitan")'s Motion to Dismiss for Failure to State a Claim. (Doc. 5.) This case arises from an eyelid surgery performed by Defendant Marefat on Plaintiff Sylvia Caravetta ("Caravetta") on April 24, 2009. Plaintiff, who appears pro se, claims that Defendant Marefat and his employer, Defendant Metropolitan, (i) committed assault by performing an experimental surgical technique on Plaintiff without her consent, (ii) falsified records related to the eyelid surgery, and (iii) violated the Health Insurance Portability and Accountability Act ("HIPAA") by withholding Plaintiff's medical records.[1]

There are three issues before the Court. The first issue is whether Plaintiff's assault claim is time-barred, the second issue is whether Virginia law recognizes a standalone cause of action for the falsification of records, and the third issue is whether HIPAA provides a private cause of

---

[1] Plaintiff's Complaint fails to specify the exact causes of action being pursued against Defendants. Instead, the Complaint provides a general narrative of the wrongs committed by Defendants. Nevertheless, the Supreme Court has instructed that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations and citations omitted). In accordance with this instruction, the Court has liberally construed the Complaint and identified the three above-listed claims as being pled therein.

action. The Court holds that Plaintiff fails to a state an assault claim because more than two years passed between Plaintiff allegedly sustaining her eyelid injury in 2009 and Plaintiff filing her assault claim in 2013. The Court further holds that Plaintiff fails to state a claim for falsification of records because Virginia law does not recognize falsification of records as a standalone cause of action. Lastly, the Court holds that Plaintiff fails to state a claim for relief under HIPAA because HIPAA does not provide a private cause of action. For these reasons, the Court GRANTS Defendants' Motion to Dismiss.

## I. BACKGROUND

Plaintiff Caravetta, appearing pro se, is a citizen of Phoenix, Arizona. (Doc. 1, at 1.) Defendant Marefat is a citizen of the District of Columbia and a physician licensed in Virginia. (*Id.*) Marefat regularly engages in the practice of medicine at Defendant Metropolitan's offices in Arlington, Virginia. (*Id.*) This matter arises from Marefat's performance of a blepharoplasty procedure on Plaintiff. A blepharoplasty procedure is a type of plastic surgery performed on the eyelids. The surgery occurred on April 24, 2009, at Metropolitan's offices. (*Id.* at 5.) Approximately three years later, on April 23, 2012, Plaintiff sued Marefat in the District Court for the District of Columbia alleging medical malpractice. The claim was dismissed without prejudice for lack of subject matter jurisdiction. (*Id.* at 1.)

On August 23, 2013, Plaintiff brought the instant action in this Court alleging assault, falsification of records, and violation of the Health Insurance Portability and Accountability Act ("HIPAA"). According to Plaintiff, as her case in the District of Columbia developed, Plaintiff "began to realize" that Marefat's actions were not medical malpractice but rather an "intentional and premeditated . . . assault, and a violation of [her] rights." (*Id.* at 2.) Plaintiff now alleges that Defendants assaulted Plaintiff by (i) performing an experimental surgical procedure on her

without her knowledge or consent and by (ii) using a "cauterizing tool" on her eyes, which added to, or exacerbated, Plaintiff's injury. (*Id.*) Plaintiff stresses that her claim sounds not in medical malpractice but in assault. (Doc. 10, at 1.) Use of the cauterizing tool and experimental procedure, Plaintiff alleges, resulted in excessive amounts of skin being removed from her right eye, creating "uneven lopsided eyes" and an asymmetry in Plaintiff's face. (Doc. 1, at 2.)

On May 5, 2013, Plaintiff requested medical records from Defendants. (*Id.* at 2.) According to Plaintiff, the medical records sent by Defendants omitted key facts, including use of the cauterizing tool, and contained false statements, including that Marefat "took care not to remove too much skin." (*Id.*) In addition, Plaintiff alleges that Defendants violated HIPAA by providing incomplete records and by not providing the records within fifteen days of Plaintiff requesting them. (*Id.* at 3.)

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted unless the complaint "states a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In considering a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). However, no assumption of truth is afforded to "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citations omitted). Nor is the court obligated to assume the veracity of the legal conclusions drawn from the facts alleged. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008) (citing *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore*

3

*Coal Corp.*, 609 F.2d 1083, 1085–86 (4th Cir. 1979)). Thus, the court's review involves the separation of factual allegations from legal conclusions. *Burnette v. Fahey*, 698 F.3d 171, 180 (4th Cir. 2012). In addition to the complaint, the court will examine "documents incorporated into the complaint by reference," as well as matters properly subject to judicial notice. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (citations omitted); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 176 (4th Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

The complaint must contain sufficient factual allegations, taken as true, "to raise a right to relief above the speculative level" and "nudge [the] claims across the line from conceivable to plausible." *Vitol*, 708 F.3d at 543 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The facial plausibility standard requires the pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck*, 708 F.3d at 554 (quoting *Iqbal*, 556 U.S. at 678). This standard imposes not a probability requirement but rather a requirement that the plaintiff "demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.' " *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Accordingly, a complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Id.* (citing *Iqbal*, 556 U.S. at 679, and *Twombly*, 550 U.S. at 557). The complaint must present " 'enough fact to raise a reasonable expectation that discovery will reveal evidence' of the alleged activity." *U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). Thus, in order to survive a Rule 12(b)(6) motion, the complaint must present sufficient nonconclusory factual allegations to support a reasonable inference that the plaintiff is entitled to

relief and the defendant is liable for the unlawful act or omission alleged. *See Giacomelli*, 588 F.3d at 196–97 (citing *Iqbal*, 556 U.S. at 678–79, and *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969–70 (4th Cir. 1992) (en banc)).

### III. DISCUSSION

The Court GRANTS Defendants' Motion to Dismiss for three reasons. First, the Court holds that Plaintiff fails to state a claim for assault because the claim is barred by Virginia's two-year statute of limitations for personal injury. Second, the Court holds that Plaintiff fails to state a claim for falsification of records because Virginia law does not recognize a standalone cause of action for falsification of records. Third, the Court holds that Plaintiff fails to state a claim for relief under the Health Insurance Portability and Accountability Act ("HIPAA") because HIPAA does not provide a private cause of action.

#### A. Plaintiff's Assault Claim Is Time-Barred.

The Court GRANTS Defendants' Motions to Dismiss Plaintiff's assault claim because the claim is barred by Virginia's two-year statute of limitations for personal injury, the claim having been filed more than two years after Plaintiff sustained the alleged injury to her eyelids. Under Virginia law, "every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." Va. Code § 8.01-243(A). This two-year statute of limitations for personal injury runs from the date the injury is sustained, not the date the injury is discovered. *Id.* § 8.01-230; *see also Torkie-Tork v. Wyeth*, 739 F. Supp. 2d 887, 891 (E.D. Va. 2010); *Chalifoux v. Radiology Assocs., Inc*, 708 S.E.2d 834, 837 (Va. 2011).

Because Plaintiff alleges personal injury as the consequence of Defendants' assault, her assault claim is subject to Virginia's two-year statute of limitations for personal injury. Accordingly, the claim is time-barred because more than two years passed between Plaintiff's

April 24, 2009, surgery, where Plaintiff sustained her alleged injury, and Plaintiff's August 23, 2013, filing of her assault claim. That Plaintiff did not discover the assault until later is of no import, because under Virginia law the statute of limitations for personal injury runs from infliction of the injury, not discovery of the injury. For these reasons, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's assault claim.

### B. Virginia Law Does Not Recognize an Independent Cause of Action for Falsification of Records.

The Court GRANTS Defendants' Motions to Dismiss Plaintiff's Claim for falsification of records because Virginia law does not recognize falsification of records as a standalone cause of action. Although the Court cannot find any Virginia cases refusing to recognize a standalone cause of action for falsified records, it also cannot find any Virginia cases recognizing falsified records as a standalone cause of action. The only Virginia case on the subject appears to be *Mathias v. Sanders*, 14 Va. Cir. 236 (1988), a decision by the Circuit Court for the City of Winchester. The *Mathias* court, like this Court, found that "there are no Virginia cases to support a tort action for falsification of records." *Id.* Notably, however, the *Mathias* court also found that although falsification of records is not an independent basis for legal relief, it can support a claim for "increased cost of investigation" where the records have been falsified to "subvert an adverse party's investigation and right to seek a legal remedy." *Id.*

Plaintiff's Complaint alleges that Defendants falsified her medical records but fails to allege any facts grounding the falsification in an intent to subvert Plaintiff's investigation of her claims. Moreover, Plaintiff's Complaint makes no reference to the investigation costs she incurred, let alone any increase in those costs resulting from the alleged falsification. Although the Court must construe Plaintiff's Complaint liberally, Plaintiff must still allege facts that state a cause of action. "District judges are not mind readers," *Beaudett v. City of Hampton*, 775 F.2d

1274, 1278 (4th Cir. 1985), and cannot conjure the facts necessary to support a cause of action for "increased cost of investigation," *see Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013) ("While a pro se litigant's pleadings are liberally construed, a pro se complaint must still contain sufficient facts to . . . state a claim for relief that is plausible on its face." (citations omitted)). Thus, the Court construes Plaintiff's Complaint to assert a standalone cause of action for falsification of records, a cause of action not recognized under Virginia law. For this reason, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's claim for falsification of records.

### C. HIPAA Provides No Private Cause of Action.

Lastly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's claim of a HIPAA violation because HIPAA does not provide for a private cause of action. *See Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (citing *Acara*, 470 F.3d at 571); *see also Switzer v. Thomas*, 5:12cv00056, 2013 WL 693090, at *3 (W.D. Va. Feb. 25, 2013). Rather, HIPAA charges the Secretary of Health and Human Services, not a private litigant like Plaintiff, to enforce its statutory provisions. *See Runkle v. Gonzalez*, 391 F. Supp. 2d 210, 237 (D.D.C. 2005).

## IV. CONCLUSION

For the forgoing reasons, the Court GRANTS Defendants' Motion to Dismiss. **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 5) is **GRANTED** and that Plaintiff's claims are hereby **DISMISSED**.

**IT IS SO ORDERED.**

ENTERED this 22d day of November, 2013.

Alexandria, Virginia
11/22/2013

/s/
Gerald Bruce Lee
United States District Judge